## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

Civil Action No. 04-cv-232-HRW

SCOTTIE FIELDS,                                               PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits and supplemental security income benefits.  The Court having

reviewed the record in this case and the dispositive motions filed by the parties,

and being otherwise sufficiently advised, for the reasons set forth herein, finds

that the decision of the Administrative Law Judge is supported by substantial

evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits and

supplemental security income benefits, alleging disability beginning on July 26,

1999 due to problems with his back, neck, nerves, feet, hands, fingers, legs,

1

chronic fatigue, diabetes and kidneys (Tr. 122). This application was denied

initially and on reconsideration. On July 23, 2003, an administrative hearing was

conducted by Administrative Law Judge William Gitlow (hereinafter "ALJ"),

wherein Plaintiff, accompanied by counsel, testified (Tr. 461-494). At the hearing,

Donald Joe Woolwine, a vocational expert (hereinafter "VE"), also testified (Tr.

495-496).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 22, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 432-444). Plaintiff was 35 years old at the time of the hearing decision. He is illiterate. His past relevant work experience consists of work as a coal miner. At Step 1 of the sequential analysis, the ALJ found that Plaintiff had indeed engaged in substantial gainful activity during the year 2001since, but had not engaged in such activity at any other time in the relevant period of inquiry (Tr. 435, 443). The ALJ then determined, at Step 2, that Plaintiff suffered from back and neck impairments, insulin dependent diabetes mellitus, depression and estimated borderline IQ, which he found to be "severe" within the meaning of the Regulations (Tr. 443). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 443). In doing so, the ALJ specifically considered listings 1.00, 5.08, 12.04 and 12.05 (Tr. 437-438). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 19) but determined that he could perform light work with the following limitations:

> The claimant can only occasionally climb but can never climb ladders, ropes or scaffolds. He can only occasionally stoop, crouch, kneel and crawl and cannot work at heights or around dangerous moving machinery.

3

> He has marginal literacy. The claimant has a "fair"
> ability, that is, a limited but satisfactory ability to relate
> to co-workers, deal with the public, use judgment.
> Interact with supervisors, function independently,
> maintain attention and concentration, behave in an
> emotionally stable manner, relate predictably in social
> situations and demonstrate reliability. He has a "poor"
> ability, that is, seriously limited but not precluded, to
> deal with work stress.

(Tr. 443-444).

Based upon this residual functional capacity ("RFC"), the ALJ, relying upon

testimony of the VE, concluded that the Plaintiff could perform a restricted range

of light work, such as watch guard, parking lot attendant and sorter (Tr. 442). The

ALJ finally concluded that these jobs exist in significant numbers in the national

and regional economies, as identified by the VE (Tr. 444). Accordingly, the ALJ

found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on October 31, 2004 (Tr.

420-422).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision. Both parties have filed Motions for Summary Judgment

[Docket Nos. 12 and 15] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility."  *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous

5

because: (1) the ALJ improperly referred to Plaintiff's alcohol abuse in discrediting his allegations of disabling diabetes mellitus  (2) the ALJ did not give appropriate consideration to the opinions of Plaintiff's treating physicians, Dr. Emmanuel Eze and Dr. Jeremy Klein (3) the ALJ was incorrect in assuming that Plaintiff continued to engage in substantial gainful employment through 2003 and (4) the ALJ did not consider all of the insured period.

## C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly referred to Plaintiff's alcohol abuse in discrediting his allegations of disabling diabetes mellitus.   Specifically, Plaintiff asserts that the ALJ improperly concluded that Plaintiff was continuing to abuse alcohol based upon the medical history taken by Dr. Lee Balaklaw and the history given to the examining psychologist, Dr. Lynne Lewis.   Plaintiff argues that the history given to Dr. Balaklaw and Ms. Lynne, of drinking 12 beers a month and a 6-pack per week, respectively, does not support a finding of alcohol abuse.   Plaintiff further argues that Dr. Balaklaw merely copies the text from his initial history taken on March 25, 2002 onto all subsequent reports, without updating the information.

Although Plaintiff appears to imply that he has ceased or significantly curtailed drinking, there is nothing in the record which shows the same.   To the

6

contrary, there is evidence that Plaintiff continued to drink well after his initial visit to Dr. Balaklaw in March 2002. For example, on October 18, 2002, in a history taken by Three Rivers Medical Center, Plaintiff reports drinking 12 beers a week (Tr. 876). Further, the record is devoid of any opinion, from a treating or examining source, that Plaintiff was disabled due to his diabetes. Thus, the Court finds that the ALJ did not err in finding that Plaintiff was not disabled due to his diabetes.

Plaintiff's second claim of error is that the ALJ did not give appropriate consideration to the opinions of Plaintiff's treating physicians, Dr. Emmanuel Eze and Dr. Jeremy Klein.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

7

In rejecting Dr. Eze's opinion of extreme mental limitation, the ALJ specifically noted that it was inconsistent with the other credible medical evidence of record (Tr. 440). The ALF further found that the modest treatment regime prescribed by Dr. Eze belied the existence of severe mental impairment (Tr. 440). The Court finds no error in this assessment.

With regard to Plaintiff's treating physician, Dr. Klein, the ALJ found that his opinions were, too, lacking support in the record. Most glaring to the ALJ was the lack of clinical data to support Dr. Klein's conclusions. Indeed, the ALJ pointed out that beyond a reference to "pain", there is nothing to support Dr. Klein's opinion of extreme physical limitations. As the Defendant points out, Dr. Klein's records are devoid of even a diagnosis.

As for Dr. Klein's statement that Plaintiff was "totally permanently disabled", he ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

8

Plaintiff further contends that the ALJ was incorrect in assuming that Plaintiff continued to engage in substantial gainful employment through 2003 based upon evidence of callouses on Plaintiff's hand. Plaintiff's contention is incorrect. In his decision, the ALJ found that Plaintiff engaged in substantial work activity for the year 2001, based upon evidence of earnings, not callouses (Tr. 435. 585). Accordingly, the ALJ denied Plaintiff's claim for the year 2001 only.

Finally, Plaintiff maintains the ALJ did not consider all of the insured period. Plaintiff correctly points out that the ALJ misquoted Plaintiff's date last insured. The record shows that his date last insured was actually December 31, 2004 (Tr. 586), nor December 31, 2003, as cited by the ALJ. However, this error is harmless as it is clear that the ALJ did indeed consider Plaintiff's disability claim at all times through the date of his decision on April 22, 2004 (Tr. 444).

Based upon the foregoing, the Court finds the decision of the ALJ to be supported by substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

9

This _____ day of January, 2006.


_____
Henry R. Wilhoit, Jr., Senior Judge